Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Hon. John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7137 | **DATE** | 5/16/2001 |
| **CASE TITLE** | DAVID F. McMURRAY vs. IMPROVENET, INC. and RONALD COOPER | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

Defendants' Motion to Dismiss

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendant Ronald Cooper's motion to dismiss for lack of personal jurisdiction is granted and the defendant Cooper is dismissed from this action. Cooper's motion to dismiss Count II of the complaint for failure to state a claim as to Cooper is denied as moot. Defendants' motion to strike paragraphs 20 and 29 of the compliant is denied. ENTER MEMORANDUM OPINION.

(11) X [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | Document Number |
|---|---|---|---|
| | No notices required. | number of notices | |
| X | Notices mailed by judge's staff. | 5/22/01 date docketed | 17 |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | ED-7 FILED FOR DOCKETING 01 MAY 21 PM 4:52 | date mailed notice |
| | Copy to judge/magistrate judge. | | |
| | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

C:\wp\text\00c7137

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DAVID F. McMURRAY, | ) |
| Plaintiff, | ) |
| v. | ) No. 00 C 7137 |
| IMPROVENET, INC. and RONALD COOPER, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Before the court is defendant Ronald Cooper's motion to dismiss plaintiff's complaint, as it pertains to him, for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) and for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Also before the court is defendants' motion to strike paragraphs 20 and 29 of the complaint pursuant to Federal Rule of Civil Procedure 12(f). As explained below, defendants' motions are granted in part and denied in part.

## BACKGROUND

Plaintiff David F. McMurray was employed by defendant ImproveNet, Inc. ("ImproveNet"), an Internet business, as the Director of Manufacturer Marketing and Sales from July 13, 1998 until his termination on July 14, 2000. (Complaint, ¶¶ 1-2.) Defendant Ronald Cooper is the president of ImproveNet. The

17

complaint alleges five claims: (1) that ImproveNet breached a written employment contract with plaintiff, dated June 24, 1998, by failing to pay certain commissions; (2) that defendants violated the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.* (the "IWPCA"); (3) that plaintiff is entitled to attorneys' fees from ImproveNet under the Illinois Attorneys Fees in Wage Actions Act, 705 ILCS 225/1; (4) that plaintiff is entitled to a declaratory judgment against ImproveNet for future commissions; and (5) that Cooper tortiously interfered with the employment contract between plaintiff and ImproveNet. McMurray alleges that he is owed $265,589.25 plus interest and fees in past commissions and $694,429.80 in future commissions. (Complaint, ¶¶ 25, 41.)

Cooper moves to dismiss the complaint as to him based on lack of personal jurisdiction and moves to dismiss Count II for failure to state a claim. Both defendants move to strike paragraphs 20 and 29 of the complaint based on violation of Federal Rule of Evidence 408.

## DISCUSSION

### A. Cooper's Motion to Dismiss

On a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of making a *prima facie* showing that jurisdiction over the defendant is proper. See RAR, Inc. v. Turner Diesel, Ltd., 107 F.3d 1272, 1276 (7th Cir. 1997). The court, in deciding such a motion, may receive and consider affidavits from

both parties, see Nelson by Carson v. Park Indus., Inc., 717 F.2d 1120, 1123 (7th Cir. 1983), and will resolve all factual conflicts in favor of the plaintiff, see Deluxe Ice Cream Co. v. R.C.H. Tool Corp., 726 F.2d 1209, 1215 (7th Cir. 1984).

A federal district court sitting in diversity in Illinois has jurisdiction over a non-consenting, non-resident defendant if an Illinois state court would have jurisdiction. See McIlwee v. ADM Indus., Inc., 17 F.3d 222, 223 (7th Cir. 1994). "Three distinct obstacles to personal jurisdiction must generally be examined: (1) state statutory law, (2) state constitutional law, and (3) federal constitutional law." RAR, 107 F.3d at 1276. As for state statutory law, the Illinois long-arm statute provides that an Illinois state court also may exercise jurisdiction "on any other basis now or hereafter permitted" by the state and federal constitutions. 735 ILCS 5/2-209(c). Because § 2-209(c) authorizes personal jurisdiction to the constitutional limit, the analysis collapses into two constitutional inquiries--one state and one federal--and we need not consider whether defendants engaged in any of the acts enumerated in the Illinois long-arm statute. See RAR, 107 F.3d at 1276. Typically, the courts look to the federal due process clause to construe the Illinois due process clause. See PepsiCo, Inc. v. Marion Pepsi-Cola Bottling Co., No. 99 C 3939, 2000 WL 263973, at *7 (N.D. Ill. Mar. 6, 2000).

"General jurisdiction . . . is for suits neither arising out of or related to the defendant's contacts [with the forum], and it is permitted only where the defendant has 'continuous and systematic general business contacts' with the forum." RAR, 107 F.3d at 1277. Specific jurisdiction, on the other hand, refers to jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum. See id. Plaintiff limits his jurisdictional argument to the question of specific jurisdiction. In failing to argue general jurisdiction over defendant Cooper, plaintiff waives that ground for personal jurisdiction. See id; Giotis v. Apollo of the Ozarks, Inc., 800 F.2d 660, 663 (7th Cir. 1986). Thus, we focus exclusively on the question of specific jurisdiction.

The Constitution permits the court to exercise jurisdiction over defendants who have certain "minimum contacts" with the forum state, such that jurisdiction does not offend "traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Even defendants not physically present in the jurisdiction have sufficient "minimum contacts" if they do some act by which they purposefully avail themselves of the privilege of conducting activities in the forum state, see Hanson v. Denckla, 357 U.S. 235, 251-53 (1958), and if they "should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).

Due process also requires that the action arise from or relate to the defendant's contacts with the forum state. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985); Heritage House Restaurants, Inc. v. Continental Funding Group, Inc., 906 F.2d 276, 281 (7th Cir. 1990). The court should consider whether it is reasonable to require the nonresident defendant to litigate in the forum state, considering factors such as the relative interests of the litigants, the forum's interest in litigating the dispute, and "the interstate judicial system's interest in obtaining the most efficient resolution of controversies." Burger King, 471 U.S. at 477 (quoting World-Wide Volkswagen, 444 U.S. at 292).

Defendant Cooper does not consent to personal jurisdiction in Illinois. (Affidavit of Ronald Cooper, ¶ 12.) According to his affidavit, he lives and works in California and does not own real property, vote, pay taxes, or maintain an office or telephone number in Illinois. (Id., ¶¶ 3-8.) Cooper states that he has visited Illinois approximately four times since he was hired by ImproveNet in March 1999, each time on behalf of ImproveNet. (Id., ¶ 11.) Cooper argues that he has "made no contacts with Illinois sufficient to expect him to bear the time and financial burdens of litigating in Illinois" and that plaintiff can show no purposeful Illinois-related activity that arises out of or is related to his claims. (Defendants' Reply at 3-4.)

Plaintiff, on the other hand, alleges that Cooper has had "numerous" contacts with Illinois as an officer of ImproveNet and in connection with transactions relating to plaintiff's claims (Complaint, ¶ 3), and that Cooper does business in Illinois (Id., ¶ 5). Specifically, plaintiff alleges that he spoke with Cooper once a week by telephone. Sometimes Cooper would call plaintiff from California; sometimes plaintiff would call Cooper from Chicago. (Affidavit of David F. McMurray, ¶ 2.) Plaintiff does not describe the substance of those conversations. Plaintiff also asserts that he asked Cooper "where things stood" with his overdue commissions in August 1999 at the annual Hardware Show at McCormick Place in Chicago. (Id., ¶ 6.) According to plaintiff, Cooper told him that he realized it was a concern and that he would take care of it. (Id.)

These contacts are not sufficient to justify exercising jurisdiction over Cooper under federal due process standards because plaintiff's claims do not "arise out of or relate to" these contacts, as required by Burger King. We do not know the substance of the telephone conversations between plaintiff and Cooper; thus, they do not afford a basis upon which to assert jurisdiction. And as for Cooper's one visit to Chicago in which he allegedly told plaintiff he would "take care of it," supposedly meaning plaintiff's commissions, the relationship between this contact and plaintiff's claims is too tenuous to justify asserting jurisdiction

over Cooper. The Seventh Circuit has indicated that, to be relevant for personal jurisdiction, past contacts involving the forum state should either bear on the substantive legal dispute between the parties or inform the court regarding the economic substance of the disputed contract. See RAR, 107 F.3d at 1278. The exchange between Cooper and plaintiff tells us virtually nothing about plaintiff's claims or the alleged employment contract. Cooper's contacts with Illinois simply do not rise to the constitutionally-mandated minimum. We cannot say that, through these limited contacts, Cooper could reasonably anticipate being required to defend himself here.

Even if plaintiff's claims were sufficiently related to Cooper's contacts with Illinois, we would lack jurisdiction over Cooper because he is protected by the "fiduciary shield" doctrine. This doctrine, recognized by the Illinois courts, prevents the exercise of personal jurisdiction over an individual whose presence and activity in the forum state were solely on behalf of his employer. See Rice v. Nova Biomedical Corp., 38 F.3d 909, 912 (7th Cir. 1994) (citing Rollins, 141 Ill. 2d at 268-80, 565 N.E.2d at 1313-18). The fiduciary shield doctrine is not available if the employee was also (or instead) acting to serve his own personal interests. See Rice, 38 F.3d at 912. The personal interests need not be pecuniary; dislike of or malice toward the plaintiff would

suffice. See id.; Darovec Mktg. Group, Inc. v. Bio-Genics, Inc., 42 F. Supp. 2d 810, 819 (N.D. Ill. 1999).

Plaintiff contends that the fiduciary shield doctrine does not apply here because Cooper was motivated by personal interests.[1] Plaintiff refers to his allegation in the complaint that Cooper "willfully and maliciously interfered, and continues willfully and maliciously to interfere, with Plaintiff's Employment Contract by making the decision to deprive Plaintiff of the entire amount of his commissions earned while an employee of ImproveNet so as to deprive Plaintiff of his contractual rights." (Complaint, ¶ 45.) This statement, however, does not adequately allege that Cooper's personal interests motivated the purported tortious interference with the employment contract between plaintiff and ImproveNet. The adverbs "willfully" and "maliciously" are too general to describe a personal interest. Moreover, we are not persuaded by plaintiff's argument that a high-ranking corporate officer automatically has a personal interest to motivate interference with a former employee's contract. That inference does not follow.

Because we lack jurisdiction over Cooper, it is unnecessary to reach Cooper's motion to dismiss Count II of the complaint as it pertains to him.

---

[1] Plaintiff also argues that the fiduciary shield doctrine would not protect Cooper because his actions were "discretionary." It is an unsettled question, though, whether the fiduciary shield doctrine should apply to an employee, acting solely for his employer's benefit, who had discretion over his contacts with the State of Illinois. See Robinson v. Sabis Educ. Sys., Inc., No. 98 C 4251, 1999 WL 412642, at *3 n.3 (N.D. Ill. May 28, 1999).

**B.   Cooper and ImproveNet's Motion to Strike**

The Federal Rules of Civil Procedure allow the court to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Matter is "scandalous" if it "bears no possible relation to the controversy or may cause the objecting party prejudice." Talbot v. Robert Matthews Distrib. Co., 961 F.2d 654, 664 (7th Cir. 1992). Although motions to strike are generally disfavored, we address them when "they serve to expedite, not delay." Heller Fin., Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1294 (7th Cir. 1989). The court has considerable discretion in deciding whether or not to strike an allegation from a complaint. See Khalid Bin Talal Bin Abdul Azaiz Seoud v. E.F. Hutton & Co., 720 F. Supp. 671, 686 (N.D. Ill. 1989). Defendants contend that paragraphs 20 and 29 of the complaint must be stricken because they violate Federal Rule of Evidence 408, which provides that evidence of settlement or compromise of a disputed claim is inadmissible to prove liability for the claim or its amount. Paragraph 20 of the complaint states: "In connection with his employment termination, ImproveNet offered to pay Plaintiff four weeks' base salary, but demanded in connection with such payment that Plaintiff sign a full waiver and complete release of any and all claims he has against ImproveNet." Paragraph 29 alleges: "ImproveNet violated the IWPCA by attempting

to coerce Plaintiff to sign a release in order to receive even a small portion of his earned commissions."

Federal Rule of Evidence 408 bars admission of evidence of offering "a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount" to prove liability for a claim or its amount. The rule does allow such evidence if it is offered for another purpose, "such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution." Fed. R. Evid. 408. Plaintiff appears to contend that defendants' alleged demand for a waiver and release did not constitute an attempt to settle a "disputed" claim. Plaintiff also argues that he is not alleging the settlement offer to prove liability on defendants' part, but instead to prove the "bad faith" of Cooper. (Plaintiff's Memorandum in Opposition at 12-13.)

When confronted with a motion to strike a portion of a pleading, a court should consider whether there is any possibility that the pleading could form the basis for admissible evidence. See Lipsky v. Commonwealth United Corp., 551 F.2d 887, 893 (2d Cir. 1976). The court should not tamper with the pleadings unless there is strong reason for doing so. See id.; Nissan Motor Acceptance Corp. v. Schaumburg Nissan, Inc., Nos. 93 C 2701 & No. 92 C 6089, 1993 WL 360426, at *6 (N.D. Ill. Sept. 15, 1993). Given these

principles, we decline at this time to strike paragraphs 20 and 29 of the complaint on the current record. We note the preliminary stage of this proceeding, and find that the questions raised by defendants will be more easily determinable after adequate discovery. The context and circumstances of the discussions between the plaintiff and defendants regarding plaintiff's commissions are unclear, and there is a question concerning whether evidence concerning the paragraphs in dispute might be admissible on other grounds. Although we believe it possible that evidence in support of the disputed paragraphs will ultimately be refused pursuant to Fed. R. Evid. 408, it would be improper to grant the motion to strike at this point in the proceeding.

## CONCLUSION

For the reasons stated above, defendant Ronald Cooper's motion to dismiss for lack of personal jurisdiction is granted; Cooper's motion to dismiss Count II of the complaint for failure to state a claim as to Cooper is thus moot. Defendants' motion to strike paragraphs 20 and 29 of the complaint is denied.

DATE:   May 15, 2001

ENTER:  _____
        John F. Grady, United States District Judge